UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
F I L E D
MAR 1 5 2006
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 05-248-GWU

ANNETTE J. LANG,                                          PLAINTIFF,

VS:                     MEMORANDUM OPINION

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,                          DEFENDANT,

## INTRODUCTION

Annette Lang brought this action to obtain judicial review of an unfavorable administrative decision on her applications for Disability Insurance Benefits and for Supplemental Security Income. The case is before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of

1

impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled. If no, proceed to step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(l).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply. Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. Id. This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Id.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Houston v. Secretary of Health

and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. 404.1521, 416.921. The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term. Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985). The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment," Landsaw v. Secretary of Health and Human Services, 803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that she or he is unable to return to this work. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways that the Commissioner may meet his burden is through

3

the use of the medical-vocational guidelines.

However, the medical vocational guidelines themselves may not even be fully applicable if a non-exertional impairment is involved. When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e). It may often be required for the agency to consult a vocational specialist in such cases. Damron v. Secretary, 778 F.2d 279 (6th Cir. 1985). Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe. Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir. 1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary." 20 C.F.R. 404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b), 416.967(b). A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a). The guidelines make it clear that disabilities such as postural restrictions or the

4

lack of bilateral manual dexterity compromise a person's ability to do a full range of this type of work; they also indicate that a finding of disabled is not precluded when the person is not able to do a full range of sedentary work, even if that person is a "younger individual." 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays (plaintiff's) individual physical and mental impairments." Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Lang, a 61 year-old former fast food worker, deli clerk, maid, laborer, cashier, and cook with a high school education, suffered from impairments related to mild coronary artery disease with congenital absence of a right coronary artery, hypertrophic cardiomyopathy, non-insulin dependent diabetes mellitus, essential hypertension, probable osteoarthritis, a depressive disorder, a history of obesity, decreased binocular visual acuity, hyperlipidemia, complaints of intermittent chest pain, shortness of breath, blood clots in the right eye, cataracts, light-headedness, dizziness, syncope, fatigue, memory loss, forgetfulness, confusion, and sleep disturbance. (Tr. 15, 19). Despite the plaintiff's impairments, the ALJ determined that she retained the residual functional capacity to perform a restricted range of light level work. (Tr. 22). Since the claimant's past fast food work and cashiering could still be done, she could not be considered totally disabled. (Tr. 22-23).

After review of the evidence presented, the undersigned concludes that

5

the administrative decision is not supported by substantial evidence. The ALJ erred in evaluating the evidence of record pertaining to Lang's physical condition. However, the current record also does not mandate an immediate award of Social Security Benefits. Therefore, the Court must grant the plaintiff's summary judgment motion in so far as it seeks a remand of the action for further consideration and deny that of the defendant.

Dr. Oluwole John Abe, a treating cardiac specialist, opined that Lang would not be able to lift, push or pull in March of 2003. (Tr. 130). Dr. Abe later indicated that the claimant was totally and permanently disabled in June of 2003. (Tr. 143). The doctor also identified a number of very severe physical limitations in an August, 2004 report, including a restriction to sedentary level work and sit or stand/walk limitations which would preclude performing a full range of work in August of 2004. (Tr. 255-259). Dr. Jackie Maxey, a treating family physician, also identified a number of very severe physical limitations in reports dated June of 2004 (Tr. 247-250) and July of 2004 (Tr. 251-254). The ALJ rejected these opinions as binding in favor of those of Dr. Mark Carter (Tr. 123-128) and Dr. Bobby Kidd (Tr. 144-148), the examining consultants. However, neither Dr. Carter nor Dr. Kidd expressed opinions relating to the plaintiff's ability to perform work-related activities. Thus, the ALJ rejected the stated opinions of the only doctors who actually saw Lang and commented upon her ability to perform work-related activities.

The ALJ's residual functional capacity findings were compatible with the findings of Dr. Parandhamulu Saranga, a non-examining medical reviewer, who saw the record in November of 2003. (Tr. 151-161). An ALJ may rely upon the opinion of a non-examiner over that of an examining source when the non-examiner clearly states the reasons for his differing opinion. Barker v. Shalala,

6

40 F.3d 789, 794 (6th Cir. 1994). Dr. Saranga did not have the opportunity to see and comment upon Dr. Maxey's opinion because it was issued well after his review, nor did the reviewer see Dr. Maxey's treatment notes which were all dated between January, 2004 and May, 2004. (Tr. 184-190). Dr. Saranga did comment upon the March, 2003 opinion of Dr. Abe and indicated that this was not well-supported by his treatment notes because there was no chest pain, shortness of breath or arrythmias reported. (Tr. 160). However, treatment notes from Dr. Abe's office, which were not received into evidence until May of 2004 (Tr. 168) and, so, were never seen by the reviewer, contain notations of chest pain and shortness of breath complaints (Tr. 168, 174, 176). On at least one occasion, blood pressure was measured at 196/102 (Tr. 168) and hospital records, part of the same recent exhibit, refer to an EKG showing "junctional rhythm with sinus bradycardia" (Tr. 179). Furthermore, Dr. Maxey also reported chest pain and shortness of breath. (Tr. 187). This evidence, which was not available to the reviewer, appears to contain significant findings which might have affected his opinion. Thus, Dr. Saranga's opinion was not sufficient to offset the opinions of the actual treating and examining sources and the ALJ should at least have sought the advice of a medical advisor who had seen and commented upon the entire record.

The undersigned concludes that the administrative decision must be reversed and the action remanded to the Commissioner for further consideration. Therefore, the Court must grant the plaintiff's summary judgment motion, in so far as such relief is achieved, and deny that of the defendant. A separate

judgment and order will be entered simultaneously consistent with this opinion.

This the __/5__ day of March, 2006.

*G. Wix Unthank*
G. WIX UNTHANK
SENIOR JUDGE

8